ORIGINAL

FILED
08 APR 18 PM 4:20
DEPUTY

Jon S. Swierzewski (MN 108017) (Pro Hac Vice pending)
LARKIN HOFFMAN DALY & LINDGREN, LTD.
1500 Wells Fargo Plaza
7900 Xerxes Avenue South
Minneapolis, MN 55431
Telephone: (952) 835-3800
Facsimile: (952) 896-3333

- and -

Patricia P. Hollenbeck (SBN 121765)
DUANE MORRIS LLP
101 West Broadway, Suite 900
San Diego, CA 92101-8285
Telephone: (619) 744-2200
Facsimile: (619) 744-2201

Attorneys for Defendant
NORTHERN LAKES DATA CORP.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRANSCORE, LP,<br>Plaintiff,<br>v.<br>NORTHERN LAKES DATA CORP.,<br>Defendant. | Case No.<br>'08 CV 717 LAB RBB<br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1441(a) and 1446, Defendant Northern Lakes Data Corp. ("NLDC") hereby gives notice of the removal of the pending action from the

Superior Court of the State of California, for the County of San Diego, to the United States District Court for the Southern District of California. In support of its removal, NLDC states as follows:

Identification and Citizenship of Parties

1. NLDC is informed and believes that the time this action was commenced, and as of the date of this Notice, Plaintiff TransCore, LP ("TransCore") was and is a Delaware limited partnership with its principal place of business located in Pennsylvania.

2. NLDC is informed and believes that the time this action was commenced, and as of the date of this Notice, the sole general partner of TransCore was TLP Holdings, LLC ("TLP"). NLDC is informed and believes that the time this action was commenced, and as of the date of this Notice, TLP was and is a Delaware limited liability company with its principal place of business located in Pennsylvania.

3. NLDC is informed and believes that the time this action was commenced, and as of the date of this Notice, the sole member of TLP was TransCore Holdings, Inc. ("TransCore Holdings"). NLDC is informed and believes that the time this action was commenced, and as of the date of this Notice, TransCore Holdings was and is a Delaware corporation with its principal place of business located in Pennsylvania.

4. NLDC is informed and believes that the time this action was commenced, and as of the date of this Notice, the sole limited partner of TransCore was

TransCore Partners, Inc. ("TransCore Partners"). NLDC is informed and believes that the time this action was commenced, and as of the date of this Notice, TransCore Partners was and is a Delaware corporation with its principal place of business located in Pennsylvania.

5. NLDC is informed and believes that the time this action was commenced, and as of the date of this Notice, neither the sole member of the general partner of TransCore nor the sole limited partner of TransCore are citizens of Minnesota.

6. At the time this action was commenced, and as of the date of this Notice, Defendant NLDC was and is a Minnesota corporation with its principal place of business in Eden Prairie, Minnesota.

<u>The State Court Civil Action</u>

7. On March 19, 2008, TransCore filed a civil action against NLDC in the Superior Court of the State of California for the County of San Diego. A copy of the Summons and Complaint in that matter are attached as Exhibit A.

8. The Summons and Complaint are the only process and pleadings that have been served upon NLDC in the state court action.

9. NLDC first learned of the state court action on March 21, 2008, by virtue of an email message sent to its counsel with a courtesy copy of the Summons and Complaint. The Summons and Complaint were not served upon NLDC until March 24, 2008.

Jurisdiction and Removal

10. Based upon the facts alleged in paragraphs 1 through 6 of this Notice, there is complete diversity of citizenship between the constituents of TransCore and NLDC.

11. TransCore alleges in its complaint that it had a binding contract with NLDC identified as a Master Subcontract Agreement (No. ZH810212), effective as of September 16, 2006. Complaint, ¶ 5. TransCore further alleges that the actual work to be performed by NLDC under the Master Subcontract Agreement was to be defined by a separate Statement of Work ("SOW") for each project. Complaint, ¶ 6.

12. TransCore alleges that it negotiated an SOW with NLDC in September 2007, purportedly requiring NLDC to perform certain services in connection with a contract entered into between TransCore and the San Diego Association of Governments (SANDAG). Complaint, ¶ 7.

13. TransCore further alleges that, when entering into the contract with SANDAG, it relied to its detriment on a separate contract supposedly entered into by NLDC with TransCore. Complaint, ¶ 8.

14. TransCore alleges in its First Cause of Action, entitled Breach of Written Contract, that NLDC has repudiated its obligations under the SANDAG SOW, and as a result, has caused TransCore damages in an amount to be proven at trial, and that legal remedies are inadequate to compensate for the alleged harm. Complaint, ¶¶ 9-10, Prayer for Relief, ¶ 1.

15. The contract between TransCore and SANDAG contemplates a number of activities to be undertaken by TransCore, and sets forth authorized maximum payments for each activity. The total authorized maximum payment for the SANDAG contract is $51,000,000.

16. The alleged SOW contract between TransCore and NLDC regarding the SANDAG project was an amount not to exceed $1,673,400.

17. TransCore has chosen not to state a specific amount of alleged damages in its Complaint, in violation of California Code of Civil Procedure, § 425.10(a). Despite that failure to plead specific damages, the amount in controversy in this case, as it involves the alleged breach of a contract in the amount of $1,673,400, and possibly seeks damages for TransCore's detrimental reliance in entering into a contract of some $51,000,000, is certain to exceed $75,000.00, exclusive of interest and costs.

18. Accordingly, this is a civil action between citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Removal of this action is thus proper pursuant to 28 U.S.C. § 1441, because this is a civil action brought in state court over which this Federal District Court would have original jurisdiction pursuant to 28 U.S.C. § 1332(a).

19. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within 30 days of the receipt by defendant NLDC of the summons and complaint in the California state court proceeding.

20. NLDC will promptly give written notice of the filing of this notice of removal to TransCore, through its counsel, and will file a copy of this notice of removal with the clerk of the Superior Court of the State of California for the County of San Diego.

21. NLDC hereby removes the above-entitled action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California.

Jon S. Swierzewski (MN 108017)
(Pro Hac Vice Pending)
Larkin Hoffman Daly & Lindgren Ltd.
1500 Wells Fargo Plaza
7900 Xerxes Avenue South
Minneapolis, Minnesota 55431-1194
Telephone: (952) 835-3800
Facsimile: (952) 896-3333

and

Dated: April 18, 2008

Patricia P. Hollenbeck

Patricia P. Hollenbeck
Duane Morris LLP
101 West Broadway, Suite 900
San Diego, CA 92101-8285
Telephone: (619) 744-2200
Facsimile: (619) 744-2201

Attorneys for Defendant
Northern Lakes Data Corp.

Malcolm D. Schick, Esq. - State Bar No. 118978
**GRAY & PROUTY**, A Professional Corporation
3170 Fourth Avenue, Third Floor
San Diego, California 92103-5850
Tel: (619) 718-9790; Fax: (619) 718-9797

Attorneys for Plaintiff,
TRANSCORE, LP, dba TRANSCORE

FILED
Clerk of the Superior Court
MAR 19 2008
By: C. SCHAEFFER, Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| TRANSCORE, LP, dba TRANSCORE, a Delaware limited partnership,<br><br>Plaintiff,<br><br>v.<br><br>NORTHERN LAKES DATA CORP., a Minnesota corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 37-2008-00080270-CU-BC-CTL<br><br>**COMPLAINT FOR:**<br><br>**1. Breach of Written Contract (Promissory Estoppel)**<br><br>**2. Declaratory Relief**<br><br>[UNLIMITED CIVIL CASE] |

Plaintiff, TRANSCORE, LP, dba TRANSCORE alleges:

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

1. At all times mentioned herein, Plaintiff, TRANSCORE, LP, dba TRANSCORE ("TRANSCORE"), was and is a Delaware limited partnership.

2. Defendant, NORTHERN LAKES DATA CORP. ("NORTHERN LAKES"), is, and at all times mentioned was, a Minnesota corporation, doing business in the County of San Diego, State of California.

3. TRANSCORE is ignorant of the true names and capacities of defendants sued as DOES 1 through 10, inclusive, and, therefore,

sues these defendants by such fictitious names. TRANSCORE will amend this Complaint to allege their true names and capacities when ascertained.

**FIRST CAUSE OF ACTION - BREACH OF WRITTEN CONTRACT**

**(PROMISSORY ESTOPPEL)**

**(Against Defendants, NORTHERN LAKES and DOES 1 through 10, Inclusive)**

4. TRANSCORE realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 3 set forth above.

5. TRANSCORE entered into a written Master Subcontract Agreement (Subcontract No. ZH810212) ("Agreement") with NORTHERN LAKES with an effective date of September 16, 2006. A true and correct copy of the Agreement is attached hereto as Exhibit A.

6. The Agreement provides, in part, that work under the Agreement shall be defined by the execution by the parties of one or more Statements of Work ("SOW"). Upon execution of such SOW, the work described in the SOW would be covered by the terms and conditions of the Agreement.

7. In September of 2007, TRANSCORE and NORTHERN LAKES negotiated an SOW under which NORTHERN LAKES agreed to provide software and services to TRANSCORE in connection with Standard Contract No. 5000680 dated October 12, 2007, between TRANSCORE and the San Diego Association of Governments ("SANDAG").

8. In negotiating the SOW concerning the SANDAG contract, NORTHERN LAKES knew or should have known that TRANSCORE would be reasonably induced to rely on NORTHERN LAKES's promises, assurances

////

and/or representations set forth in the SOW by entering into the SANDAG contract.

9. TRANSCORE entered into the SANDAG contract and, subsequently, NORTHERN LAKES repudiated its obligations under the SOW by, among other things, withholding execution of the SOW, by refusing to perform under the SOW, and by seeking to renegotiate material terms of the SOW.

10. As a legal result of NORTHERN LAKES' failure to perform in accordance with its promises, assurances and/or representations, which it made to TRANSCORE, TRANSCORE has and will suffer damages in an amount to be asserted and proven at the time of Trial.

11. Injustice can be avoided only by enforcing NORTHERN LAKES' promises, assurances and/or representations completely.

12. TRANSCORE has performed all conditions, covenants, and promises required by it to be performed in accordance with the Agreement. TRANSCORE is now ready, willing and above to perform under the Agreement in accordance with its terms and conditions. Despite such, NORTHERN LAKES has failed and refuses to perform under the Agreement.

13. Under the Agreement and the SOW, NORTHERN LAKES was to provide, among other things, software and services to TRANSCORE in connection with the SANDAG contract. NORTHERN LAKES is uniquely positioned to provide such software and services and such software and services cannot be attained from other sources without undue hardship and/or jeopardy with regard to the SANDAG contract. Therefore, legal remedies are inadequate.

////

////

## SECOND CAUSE OF ACTION - DECLARATORY RELIEF

**(Against Defendants, NORTHERN LAKES and DOES 1 through 10, Inclusive)**

14. TRANSCORE realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 3 set forth in the Common Allegations above and paragraphs 5 through 13 of the First Cause of Action above.

15. The Agreement provides, in part, at paragraph 9.0 as follows:

> In the event of any controversy, claim or dispute ("dispute") arising under or relating to this Subcontract, the parties agree first to negotiate in good faith to reach a mutually agreeable resolution of such dispute within a reasonable period of time. If good faith negotiations are unsuccessful, TransCore and NLDC agree to resolve the dispute by arbitration in accordance with the JAMS Comprehensive Arbitration Rules and Procedures or JAMS Streamlined Arbitration Rules and Procedures then in effect. The arbitration shall take place in the Commonwealth of Pennsylvania. The arbitrator(s) shall be bound to follow the provisions of this Subcontract in resolving the dispute, and may not award punitive damages. The decision of the arbitrator(s) shall be final and binding on the parties, and any award of the arbitrator(s) may be entered or enforced in any court of competent jurisdiction.

16. NORTHERN LAKES has taken the position that the SOW set forth above is not subject to the provisions of the Agreement. TRANSCORE believes that the matters set forth above are subject to the provisions of the Agreement and that the parties are obligated to resolve the dispute under the Agreement, including the subject dispute.

17. A dispute has arisen between the parties concerning the application of the Agreement to the events and occurrences set forth above. Therefore, a judicial declaration with regard to the rights and obligations of the parties is necessary.

## PRAYER

**WHEREFORE**, TRANSCORE prays judgment against defendants, and each of them, as follows:

1. For special damages according to proof;

2. That NORTHERN LAKES be ordered to perform under the Agreement and SOW;

3. For a judicial declaration with regard to the rights and obligations of the parties under the Agreement;

4. For prejudgment interest;

5. For attorneys' fees and costs for this suit; and

6. For such other and further relief as this Court deems just and proper.

DATED: March 19, 2008

**GRAY & PROUTY**

By: [signature]
Malcolm D. Schick, Esq.
Attorneys for Plaintiff,
TRANSCORE, LLC, dba TRANSCORE

# MASTER SUBCONTRACT AGREEMENT

| | |
|---|---|
| SUBCONTRACTOR: Northern Lakes Data Corp. | SUBCONTRACT NUMBER: ZH810212 |
| 18280 Overland Trail | SUBPROJECT: Specified in SOW |
| Eden Prairie, MN 55347-4191 | TYPE: Specified in SOW |
| | VALUE: Specified in SOW |

## INTRODUCTION

This Master Subcontract Agreement (hereinafter known as "Subcontract"), effective 9/15/06. is made between TransCore LP d.b.a. TransCore (hereinafter known as "TransCore"), a Delaware limited partnership with headquarter offices in Hummelstown, Pennsylvania and Northern Lakes Data Corp. (hereinafter known as "NLDC") a Minnesota corporation with offices in Eden Prairie, Minnesota. The effort to be performed by NLDC under this Subcontract may consist of one or more statement(s) of work (hereinafter known as "SOW") to be preformed on a fixed price or other mutually agreed basis. Upon execution, each SOW covered by this Subcontract will be incorporated into this Subcontract as a specific SOW and covered by the terms and conditions specified herein. Each SOW will reference any applicable schedules, specifications, contracts, terms and conditions, and such other documents as applicable to fully define an applicable SOW hereunder. This Subcontract and any transaction thereof are solely in the business entity of TransCore, LP unless otherwise specified in the SOW.

The work to be performed under this Subcontract shall be in full compliance with the technical specifications, special provisions, or as set forth in any applicable SOW, including documents incorporated by reference and other industry standards and specifications, except as modified herein.

## RECITALS

Through the exclusive relationship, as described in section 33.0 of this Subcontract, it is the intent of both parties for NLDC to be given the opportunity to collaborate with TransCore in all future projects requiring a Back Office component. For the purposes of this Subcontract Back Office is defined as any project having one or more of the following requirements: (i) Customer Service Center, (ii) Violation Processing Center and/or (iii) Web Site operations. Additionally, TransCore may provide NLDC the opportunity to participate in non-Back Office projects such as plaza host, toll audit, and/or other requirements of any future project.

At its sole discretion TransCore has the right to exclude NLDC from any future project involving Inter Agency Group (IAG) as well as other non-IAG projects for reasons including but not limited to the following: (i) customer issue and/or request, (ii) project performance/schedule, (iii) project specification, (iv) pricing constraint and/or (v) availability



**EXHIBIT A**

# SU...MONS
## (CITACION JUDICIAL)

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

F... Clerk of the Superior Court
MAR 19 2008
By: C. SCHAEFFER, Deputy

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
NORTHERN LAKES DATA CORP., a Minnesota corporation; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
TRANSCORE, LP, dba TRANSCORE, a Delaware limited partnership,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN DIEGO
330 West Broadway
San Diego, CA 92101
CENTRAL DIVISION

CASE NUMBER: *(Número del Caso):* 37-2008-00080270-CU-BC-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Malcolm D. Schick, Esq. (SBN: 118978) (619) 718-9790 (619) 718-9797
GRAY & PROUTY, A Professional Corporation
3170 Fourth Avenue, Third Floor
San Diego, CA 92103-5850

DATE: *(Fecha)* MAR 19 2008 Clerk, by *(Secretario)* C. SCHAEFFER, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [ ] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*

4. [ ] by personal delivery on *(date):*

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY AND ZIP CODE: San Diego, CA 92101<br>BRANCH NAME: Central<br>TELEPHONE NUMBER: (619) 685-6150 | |
| PLAINTIFF(S) / PETITIONER(S): Transcore LP | |
| DEFENDANT(S) / RESPONDENT(S): Northern Lakes Data Corp. | |
| TRANSCORE LP VS. NORTHERN LAKES DATA CORP. | |
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>37-2008-00080270-CU-BC-CTL |

Judge: Steven R. Denton Department: C-73

**COMPLAINT/PETITION FILED:** 03/19/2008

**CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW**

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2008-00080270-CU-BC-CTL CASE TITLE: Transcore LP vs. Northern Lakes Data Corp.

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

### ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

### ADR OPTIONS

**1) CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

**2) JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

3) **SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

4) **OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME: Central | FOR COURT USE ONLY |
|---|---|
| PLAINTIFF(S): Transcore LP DBA Transcore | |
| DEFENDANT(S): Northern Lakes Data Corp. | |
| SHORT TITLE: TRANSCORE LP VS. NORTHERN LAKES DATA CORP. | |
| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221)** | CASE NUMBER: 37-2008-00080270-CU-BC-CTL |

Judge: Steven R. Denton Department: C-73

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

- ☐ Court-Referred Mediation Program
- ☐ Private Neutral Evaluation
- ☐ Private Mini-Trial
- ☐ Private Summary Jury Trial
- ☐ Private Settlement Conference with Private Neutral
- ☐ Court-Ordered Nonbinding Arbitration
- ☐ Court-Ordered Binding Arbitration (Stipulated)
- ☐ Private Reference to General Referee
- ☐ Private Reference to Judge
- ☐ Private Binding Arbitration
- ☐ Other (specify): ______________________

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) ______________________

______________________

______________________

Alternate: (mediation & arbitration only) ______________________

Date: ______________________ Date: ______________________

______________________ ______________________
Name of Plaintiff Name of Defendant

______________________ ______________________
Signature Signature

______________________ ______________________
Name of Plaintiff's Attorney Name of Defendant's Attorney

______________________ ______________________
Signature Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

**IT IS SO ORDERED.**

Dated: 03/19/2008 ______________________
JUDGE OF THE SUPERIOR COURT

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name, State Bar number, and address*):
Malcolm D. Schick, Esq. (SBN: 118978)
GRAY & PROUTY, A Professional Corporation
3170 Fourth Avenue, Third Floor
San Diego, CA 92103-5850
TELEPHONE NO.: (619) 718-9790 FAX NO.: (619) 718-9797
ATTORNEY FOR (*Name*): Plaintiff, TRANSCORE, LP, dba TRANSCORE

FOR COURT USE ONLY

F[illegible] Clerk of the Superior Court
MAR 19 2008
By: C. SCHAEFFER, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS:
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: CENTRAL DIVISION

CASE NAME: TRANSCORE v. NORTHER LAKES, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 37-2008-00080270-CU-BC-CTL |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [X] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (*not specified above*) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (*check all that apply*): a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (*specify*): Two (2)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: March 18, 2008
Malcolm D. Schick, Esq.
(TYPE OR PRINT NAME)

[signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

and sufficiency of NLDC resources. Notwithstanding the above, not using NLDC in any project for any reason does not impact or affect the intent of the minimum calendar year payment total as outlined in Subcontract section 33.0 (c).

NLDC has the right, at its sole discretion, to decline participation in any future project.

In either case, whether it be TransCore not including NLDC or NLDC electing not to participate in any given project each party agree to communicate such intent as early as possible, but not longer than one (1) week after the project becomes public knowledge.

## TERMS AND CONDITIONS

### 1.0 ORDER OF PRECEDENCE

In the event of an inconsistency or conflict between or among the provisions of this Subcontract, the inconsistency shall be resolved by giving precedence in the following order to the following documents, each of which are hereby incorporated by reference:

1. Applicable Statement of Work duly executed and attached hereto
2. This Subcontract Terms and Conditions

### 2.0 PRICE

The price for the work to be performed under this Subcontract is set forth in the individual SOW(s) hereunder. This Subcontract is funded in the amount to the extent set forth in each applicable SOW separately applied including profit. Unless the price and/or funding of this Subcontract is amended in writing by mutual agreement of the parties, TransCore is not obligated to compensate NLDC beyond the funded amount for any applicable SOW. The price(s) set forth herein include all applicable Federal, State and local taxes and duties, it being understood that payment of all such taxes to the appropriate taxing authorities when and as due shall be the sole responsibility of NLDC.

### 2.1 INVOICES

Invoices will be mailed to:

TransCore LP
Attention: Accounts Payable
8158 Adams Drive
Liberty Centre Building #200
Hummelstown, PA 17036

A copy of each invoice shall be mailed to the TransCore's project manager set forth in any incorporated SOW(s).

Invoices will clearly reference this Subcontract utilizing the Subcontract Number shown on the cover page of the SOW. Invoices shall include the "Amount Previously Billed," the



EXHIBIT A

"Amount of current Invoice," and the "Total Amount Billed to Date." Separate invoices will be submitted for each SOW.

2.2 **FOB** - Destination.

## 2.3 PAYMENT TERMS

(a) Invoices submitted pursuant to a SOW hereunder will be Net 30 Days and paid within thirty (30) days after receipt of invoices or acceptance by TransCore of delivered items, whichever occurs later, unless otherwise specified in subsequent SOW(s). TransCore shall have the right to adjust NLDC's invoices to reflect any shortages, late delivery, rejections, or other failure to comply with the requirements of this Subcontract. Cash discounts will be taken from date of final acceptance of delivered items, or date of acceptable invoice, whichever is later. Payment shall not constitute final acceptance. TransCore may offset against any payment hereunder any amount owed to TransCore by NLDC.

(b) In the event TransCore disputes any NDLC invoice, for any reason, NLDC shall be notified within thirty (30) days of the invoice date of such dispute. TransCore is obligated to pay NLDC the undisputed amount of each invoice in accordance with section 2.3 (a) above. In the event the parties are unable to reach an agreement concerning the payment of any invoice or portion thereof the dispute shall be resolved in accordance with the provisions of Subcontract section 9.0.

(c) As a condition precedent to receiving payments from TransCore for work performed, at TransCore's request, NLDC shall execute and deliver to TransCore, with its invoice, a full and complete release of all claims and causes of action NLDC may have against TransCore through the date of the execution of said release, save and except those claims specifically listed on said release and described in a manner sufficient for TransCore to identify such claim or claims with certainty. Such release(s) shall conform to the requirements of any statute, as applicable.

## 3.0 TECHNICAL AND CONTRACTUAL REPRESENTATIVES

(a) The following authorized representatives are hereby designated for this Subcontract:

| **NLDC:** | **TransCore:** |
|---|---|
| Business: Ashok Sinha | Business: David Sparks |
| Contractual: Ashok Sinha | Contractual: John Wieland |

(b) The parties shall indicate the authorized technical representatives in each SOW.

## 3.1 CONTACTS

Contacts with TransCore that affect the subcontract prices, schedule, SOW(s), and subcontract terms and conditions shall be made with the authorized contractual



EXHIBIT A

representative. No changes to this Subcontract shall be binding upon either party unless incorporated into the Subcontract by a written Modification and signed by each party's contractual or authorized representative.

The effort set forth in the applicable SOW will be performed under the technical direction of TransCore's technical representative named in each SOW. When, in NLDC's opinion, such technical direction constitutes a change to this Subcontract and/or SOW, TransCore's contractual representative shall be notified immediately for authorization of such change. Until such authorization is granted by TransCore's contractual representative, NLDC shall perform in accordance with the Subcontract and applicable SOW(s) as written.

## 4.0 NOTICES

All notices, consents or other communications required or permitted to be given under this Subcontract shall be in writing and shall be deemed to have been duly given (a) when delivered personally, (b) three business days after being mailed by first class certified mail, return receipt requested, postage prepaid, (c) one business day after being sent by a reputable overnight delivery service, postage or delivery charges prepaid, (d) effective immediately upon receipt transmittal confirmation of a facsimile message, or (e) effective immediately upon receipt of a return email notice confirming receipt of the original email message to the parties as follows:

**If to TransCore:**
TransCore, LP
John Wieland
8158 Adams Drive
Liberty Building Centre 200
Hummelstown, PA 17036
Email: john.wieland@transcore.com

**If to NLDC:**
Ashok Sinha
Northern Lakes Data Corp.
18280 Overland Trail
Eden Prairie, MN 55347-4191
Email: asinha@mn.rr.com

Each party may change its address for notice and the address to which copies must be sent by giving notice of the new addresses to the other party in accordance with this section, except that any such change of address notice shall not be effective unless and until received.

## 5.0 KEY PERSONNEL

(a) For purposes of this section, "Key Personnel" is defined as those individuals who are mutually recognized by TransCore and NLDC as essential to the successful completion and execution of this Subcontract and any incorporated SOW.



EXHIBIT A

(b) Personnel designated as "Key Personnel" shall be assigned to the extent necessary for the timely completion of any work covered by this Subcontract and any incorporated SOW. Any substitution or reassignment involving NLDC's "Key Personnel" assigned to a particular SOW shall be made only with persons of equal abilities and qualifications and is subject to prior approval of TransCore, in writing, which will not be unreasonably withheld.

(c) With the exception of Ashok Sinha, TransCore reserves the right to request, with stated cause, the removal of any individual assigned to this Subcontract and subsequent SOW(s). NLDC will consider TransCore's request and respond in a reasonable manner providing details of its proposed action, which may include no action. TransCore and NLDC agree to resolve such issues in an amicable manner. In the event the parties are unable to reach an agreement concerning such request the dispute shall be resolved in accordance with the provisions of Subcontract section 9.0.

(d) NLDC's Key Personnel: Ashok Sinha and as set forth in each incorporated SOW.

## 6.0 DISCLOSURE

Each party shall not disclose information concerning work under this Subcontract, including all incorporated SOW(s) or information of or concerning the other party or their affiliates to any third party, unless such disclosure is necessary for the performance of service under this Subcontract and incorporated SOW(s). No news releases, public announcement, denial or confirmation of any part of the subject matter of this Subcontract and/or incorporated SOW(s) or any phase of any program hereunder shall be made without prior written consent of the other party. The restrictions of this paragraph shall continue in effect upon completion or termination of this Subcontract and any incorporated SOW(s) for such period of time as may be mutually agreed upon in writing by the parties. In the absence of a written established period, no disclosure is authorized by either party. Failure to comply with the provisions of this section may be cause for termination of this Subcontract and applicable SOW(s). In the event of any threatened or actual breach of this Section, each party shall have the right, in addition to any other specific remedy for relief, to enforce performance of this section by injunction or specific performance upon application to a court of competent jurisdiction without proof of actual damage and, notwithstanding that damages may be readily quantifiable, the other party agrees that it will not plead sufficiency of damages as a defense in any proceedings for such injunctive relief.

## 7.0 PROPRIETARY INFORMATION, TOOLS, MATERIALS, ETC.

(a) Either Party and all of their officers, directors, employees, agents, representatives, contractors and/or affiliates ("Representatives") who acquire or have access, directly or indirectly, to any Protected Property (hereinafter defined) of the other party shall hold and maintain all such confidential property strictly confidential and will protect the same from any unauthorized disclosure, dissemination or use including but not limited to the manufacture of large quantities, except as specified herein.

(b) For purposes of this Subcontract, " Protected Property" includes all information, ideas, inventions, concepts, data, plans, models, samples, specifications, materials,



EXHIBIT A

jigs, dies, fixtures, molds, patterns, taps, gauges, tools, other equipment, designs, sketches, specifications, drawings, computer programs and software, or other data or information furnished by either party, including any such materials provided, loaned or made available to the other party or fabricated, manufactured, purchased, or otherwise acquired by the other party for the performance of this Subcontract and any incorporated SOW and specifically charged to either party, and any derivative products or ideas produced utilizing either party's Protected Property in whole or in part. Protected Property shall also include all operations, methods, processes, programs, applications, technology, know-how, techniques, software, systems, business records, current and future plans, financial and marketing data, or other materials relating to either party and their affiliates and/or their respective business, operations, assets, finances, products, processes, distribution, marketing, technology, customers, suppliers, and personnel, whether provided prior to the execution of this Subcontract or subsequently. Each party agrees and acknowledges that all Protected Property is the property of the other party and its affiliates, and each party's access thereto or possession thereof shall not result in the other party or any other person obtaining any property or other rights therein.

## 8.0 ACCEPTANCE/MODIFICATION OF TERMS

This Subcontract shall be accepted only by each party's agreement to all of the terms and conditions as outlined herein. Acceptance shall be made by each party signing both duplicate originals of this Subcontract document. Such acceptance shall be each party's unconditional acceptance of the terms and conditions set forth herein.

In the event any additions, deletions or differences in the terms are proposed by either party acceptance of such changes must be made by each party signing both duplicate originals of the changes document (hereinafter known a "Modification"). Such acceptance shall be each party's unconditional acceptance of the Modifications terms and conditions set forth therein.

## 9.0 DISPUTES

In the event of any controversy, claim or dispute ("dispute") arising under or relating to this Subcontract, the parties agree first to negotiate in good faith to reach a mutually agreeable resolution of such dispute within a reasonable period of time. If good faith negotiations are unsuccessful, TransCore and NLDC agree to resolve the dispute by arbitration in accordance with the JAMS Comprehensive Arbitration Rules and Procedures or JAMS Streamlined Arbitration Rules and Procedures then in effect. The arbitration shall take place in the Commonwealth of Pennsylvania. The arbitrator(s) shall be bound to follow the provisions of this Subcontract in resolving the dispute, and may not award punitive damages. The decision of the arbitrator (s) shall be final and binding on the parties, and any award of the arbitrator(s) may be entered or enforced in any court of competent jurisdiction.

## 10.0 CHANGES AND SUSPENSION

TransCore may, by written notice to NLDC at any time before complete delivery is made under this Subcontract and incorporated SOW(s), make changes within the general scope of



**EXHIBIT A**

this Subcontract and incorporated SOW(s) in any one or more of the following: (a) drawings, designs or specifications; (b) quantity; (c) delivery; (d) method of shipment or routing; and (e) the amount of TransCore furnished property; or TransCore for any reason may direct NLDC to suspend, in whole or in part, delivery of goods or performance of services hereunder for such period of time as may be determined by TransCore to be necessary or desirable. If any such change or suspension causes a material increase or decrease in the cost of, or the time required for the performance of, any part of the work under this Subcontract and incorporated SOW(s), an equitable adjustment shall be made in the Subcontract and applicable SOW(s) price or delivery schedule, or both, provided NLDC shall have notified TransCore in writing of any claim for such adjustment within twenty (20) days from the date of such notice from TransCore or from the date of any act of TransCore which NLDC considers constitutes such a change and TransCore shall have agreed to the amount of such requested adjustment. No such adjustment or any other modification of the terms of this Subcontract and/or incorporated SOW(s) shall be binding upon either party without a Modification being agreed to and executed by both parties.

## 11.0 INSURANCE

Without prejudice to NLDC's liability to indemnify TransCore as stated in the INDEMNIFICATION section of this Subcontract, NLDC shall procure, at its expense, and maintain for the duration of this Subcontract and incorporated SOW(s), the insurance policies described below with financially responsible insurance companies, reasonably acceptable to TransCore, with policy limits not less than those indicated below. Notwithstanding any provision contained herein, NLDC, and its representatives, consultants and lower-tier subcontractors and suppliers, are not insured by TransCore, and are not covered under any policy of insurance that TransCore has obtained or has in place.

**Special Provisions Applicable to NLDC's Insurance coverage:**

1. Additional Insured - NLDC shall have all policies, except Workers' Compensation, endorsed to name TransCore as an Additional Insured with respect to the work to be performed by NLDC.

2. Waiver of Subrogation - NLDC shall have all policies endorsed to waive the insurer's rights of subrogation in favor of TransCore.

3. Deductibles - Subject to the reasonable review and written approval of TransCore, NLDC may arrange deductibles or self-insured retentions as part of the required insurance coverages; however, it is expressly agreed that all deductibles or self-insured retentions are the sole responsibility of NLDC.

4. Adequacy of Insurance Limits - The insurance coverage limits stated below are minimum coverage requirements, not limits of liability, and shall not be construed in any way as TransCore's acceptance of responsibility for any liability or claims of NLDC.

5. Certificates of Insurance - Prior to commencement of any work under this Subcontract and incorporated SOW(s), NLDC shall furnish TransCore with Certificates of Insurance,



EXHIBIT A

in a format acceptable to TransCore, evidencing the insurance coverage required in this Subcontract and containing the following information:

a. Identify TransCore as an "Additional Insured" with respect to all policies except Workers' Compensation and employers' liability.
b. State that all policies have been endorsed to waive subrogation in favor of TransCore.
c. State that the underwriters agree to provide TransCore with at least 30 days prior written notice of any cancellation or material change in the coverage.

## 12.0 COVERAGE

A. Workers' Compensation - Insurance for statutory obligations imposed by law including, where applicable, coverage under United States Longshoremen's and Harbor Workers' Act and Jones Act. (If applicable, Defense Base Act for those employees working on a U.S. Military installation outside of the United States).

B. Employers' Liability - Insurance with limits of $1,000,000 for bodily injury by accident and $1,000,000 for bodily injury by disease, including, if applicable, maritime coverage endorsement.

C. Commercial General Liability - (Standard ISO occurrence form) - including products and completed operations coverage, full fire legal liability and contractual liability, with a per occurrence limit of $1,000,000.

D. Business Auto Liability - Coverage for bodily injury and property damage liability for all owned, hired or non-owned vehicles, with an each accident limit of $1,000,000.

## 13.0 NOTICE OF LABOR DISPUTES

Whenever NLDC has knowledge that any actual or potential labor dispute is delaying or threatens to delay the timely performance of this Subcontract and incorporated SOW(s), NLDC shall immediately give notice thereof, including all relevant information with respect thereto, to TransCore.

## 14.0 SUBCONTRACT CLOSEOUT

Within sixty (60) calendar days after the end of each SOW incorporated under this Subcontract and the satisfactory completion of which shall be reasonably determined by TransCore, TransCore will issue to NLDC a Subcontract Closeout Package. The Package will include, as applicable, a Subcontractor Release of Claims; a Subcontractor's Assignment of Refunds, Rebates, Credits, and Other Amounts; a Subcontract Patents Report; and any other documentation or request for information considered necessary by TransCore to close out each SOW incorporated under this Subcontract.

NLDC agrees to submit all information and documentation required by the Subcontract Closeout Package within thirty (30) calendar days from the date of the Package. The parties further agree the information and documentation submitted by NLDC will be reviewed by



EXHIBIT A

TransCore for acceptance of which will not be unreasonably withheld. Should such information and/or documentation submitted by NLDC and reasonably rejected by TransCore, NLDC shall have a period of thirty (30) days to correct any and all point(s) of such rejection. In the event the parties are unable to reach an agreement concerning the acceptability of such close-out information and documentation the dispute shall be resolved in accordance with the provisions of Subcontract section 9.0.

In the event NLDC fails to submit the required closeout information and documentation in a timely manner, such failure shall constitute NLDC's express agreement that the amounts paid by TransCore pursuant to this Subcontract and incorporated SOW(s) up to the date of the Closeout Package, as determined by TransCore's records, constitute the full, complete and final extent of TransCore's financial obligation to NLDC, and that NLDC does forever fully and finally remise, release, and discharge TransCore, its officers, agents and employees, of and from any and all liabilities, obligations, claims, and demands whatsoever arising under or relating to this Subcontract.

## 15.0 INTELLECTUAL PROPERTY RIGHTS

TransCore and NLDC shall jointly and severally own all right, title, and interest in and to all tangible and intangible results and items arising in the course of performing or constituting the results of the work performed by or through NLDC or through its subcontractors, agents, affiliates or employees under this Subcontract and incorporated SOW's, including without limitation all inventions, know-how, documentation, software and data (the "Technology"), and all intellectual property rights therein, including without limitation all current and future worldwide patents and other patent rights, copyrights, trade secrets, and all applications and registrations with respect to and of the foregoing. NLDC hereby irrevocably transfers, conveys and assigns to TransCore, jointly and severally with NLDC, in perpetuity all right, title, and interest in and to the Technology, including without limitation all intellectual property rights with respect thereto. TransCore jointly and severally with NLDC have the right to apply for or register patents, copyrights, and such other proprietary protections as it wishes.

To the extent any invention, improvement or discovery (whether or not patentable) conceived, invented or first actually reduced to practice in the performance of this Subcontract cannot be so transferred to TransCore, NLDC agrees to and does hereby grant to TransCore (i) an irrevocable, exclusive, fully transferable, royalty-free license to make, have made, use and sell any invention, improvement or discovery (whether or not patentable) that NLDC conceives or first actually reduces to practice in the performance of this Subcontract, (ii) an irrevocable, exclusive, fully transferable, royalty-free license to reproduce, translate, publish, use and dispose of; and to authorize others to do so, any copyrighted or copyrightable material ordered as articles or incorporated in or supplied as a supplement with, any articles; and (ii) the right to reproduce, use and disclose for any purpose all or any part of the reports, drawings, blueprint, data and technical information delivered or specified to be delivered by NLDC to TransCore under this Subcontract.

For the purposes of this Subcontract the term "Existing Technology is defined as any tangible and intangible results and items arising in the course of performing or constituting the results of work performed by or through NLDC prior to the effective date of this



EXHIBIT A

Subcontract, including but not limited to inventions, know-how, documentation, software and data. It is not the intent of this Subcontract for TransCore to have any right, title or interest to any of NLDC's Existing Technology. However, in the event NLDC uses any of its Existing Technology in any way while performing work under this Subcontract and incorporated SOW(s), the derivative work, including Existing Technology, will treated as Technology for the purposes of this Subcontract.

## 16.0 WORKMANSHIP

All services provided hereunder shall be performed by employees or subcontractors or independent contractors as approved by TransCore, which will not be unreasonably withheld, of NLDC who are experienced and highly skilled in their craft or profession and in accordance with the highest standards of workmanship of their craft or profession. NLDC shall perform work as specified by the SOW(s) in accordance with written standards and specifications supplied by TransCore. Except as otherwise expressly prescribed by such written standards or specifications, if any are supplied, any work performed shall be performed with good workmanship in the arts, skill and trade consistent with generally accepted industry standards.

## 17.0 SECURITY

NLDC may use computers, telecommunications equipment, manual and automated systems, and other related facilities and assets owned by TransCore or TransCore's customers only in a manner consistent with the performance of NLDC's services hereunder and in compliance with the requirements of this Subcontract and incorporated SOW(s). NLDC agrees that any user IDs or passwords assigned to NLDC are to be used only by NLDC and its representatives engaged in the performance of this Subcontract and incorporated SOW(s) and are not to be divulged to any other party. NLDC is obliged to report to TransCore any knowledge of unauthorized attempts to breach security or knowledge of any security loopholes. NLDC will attempt to gain access only to information or facilities for which NLDC is specifically authorized. NLDC agrees to comply with the terms and conditions on any software licenses that NLDC shall use during the period of performance and incorporated SOW(s). NLDC will comply with any and all restrictions contained in such licenses, including any restrictions on copying of third-party software. NLDC will not maintain personal information, or information relating to any business other than that of TransCore or TransCore's customers, on TransCore's or TransCore's customers' computing equipment. NLDC agrees that TransCore has the right to access all electronic files, including electronic mail, which NLDC may have installed or placed on any of TransCore's or TransCore's customers' assets or systems. NLDC shall return any access cards or badges and all computing resources and/or property assigned to NLDC upon TransCore's request. NLDC agrees that failure to comply with any of the foregoing conditions may result in termination of the applicable SOW and liability to TransCore for any damages caused by such noncompliance. TransCore retains the right to pursue prosecution when misuse of its information and computing resources is suspected.



EXHIBIT A

## 18.0 TERMINATION FOR REASONS OTHER THAN DEFAULT

In the event of any prospective or current customer of TransCore, for any reason or cause, terminates or suspends or substantially changes one or more scope(s) of the work under a prime contract or request for proposal TransCore may order NLDC to terminate or suspend its work, or any portion thereof under the SOW being affected by such action that is beyond TransCore's control. TransCore shall not be liable in any way for any such termination or suspension provided, however, that in the event that TransCore is compensated by its prospective or current customer by reason of such termination or suspension, then TransCore shall pay to NLDC its equitable portion of the compensation, based upon the work performed at time of such termination or suspension.

## 19.0 FORCE MAJEURE

Neither TransCore nor NLDC shall be responsible for failure to perform the terms of this Subcontract or any incorporated SOW when performance is prevented by force majeure provided that: (1) notice and reasonably full particulars are given to the other party and (2) that the cause of such failure or omission is remedied so far as possible with reasonable dispatch. The term "force majeure" shall mean acts of God, earthquakes, fire, flood, war, civil disturbances, acts of terrorism, governmentally imposed rules, regulations or moratoriums, labor disputes, or any other cause whatsoever whether similar or dissimilar to the causes herein enumerated, that is not within the reasonable control of either party and which through the exercise of due diligence, a party is unable to foresee or overcome. In no event shall the term "force majeure" include normal or reasonably foreseeable or reasonably avoidable operational delays

## 20.0 CONFLICT OF INTEREST

Each party shall exercise reasonable care and diligence to prevent any actions or conditions which could result in a conflict with the other party's best interests. This obligation shall apply to the activities of each party's representatives in their relations with the other party's employees, their families, vendors, subcontractors, and third parties arising from this Subcontract and accomplishing work hereunder. Each party's efforts shall include, but shall not be limited to, establishing precautions to prevent its representatives from making, receiving, providing, or offering gifts, entertainment, payments, loans or other considerations for any purpose whatsoever.

## 21.0 RIGHT TO AUDIT

The accounts and books of NLDC and/or its subcontractors which reasonably relate to the performance of its obligations or work contemplated by this Subcontract and incorporated SOW(s) performed on a cost plus or time and materials basis, or related to a Government audit may be audited by TransCore at all reasonable times and from time to time, not only during the continuance of this Subcontract and applicable SOW(S), but for twenty-four (24) months after the date of any incorporated SOW termination or final payment, whichever occurs last. Firm fixed price SOW's are expressly excluded from the provisions of this section. In the event that such audit or audits reveal any error or discrepancy of any nature whatever, such error or discrepancy will be promptly corrected and any amount owing or



EXHIBIT A

due to either TransCore or NLDC will be promptly paid by the other party. TransCore shall have this right to audit NLDC's accounts and records only after delivery of written notice to NLDC in accordance with the provisions for notices set forth herein. TransCore shall have the right to make copies of documents audited and such copies shall become the property of TransCore. All audit rights of TransCore described herein are in addition to, and are not in any way in lieu of, all other rights of TransCore in law or in equity. The foregoing is not intended to require NLDC to provide audited financial statements prepared and certified under generally accepted accounting principles.

## 22.0 COMPUTER VIRUS CONTAMINATION

NLDC agrees that any software delivered to TransCore, or TransCore's customers, under this Subcontract and incorporated SOW(s) shall be checked to confirm that it is free of viruses, worms, and/or any backdoor or other device that would permit unauthorized access to the software or to any of TransCore's or TransCore's customers' other software or systems, in each case using accepted industry practice at the time of its delivery to TransCore. NLDC shall promptly replace or repair any software found to contain any such virus or other contamination in order to deliver software that is free of all such unwanted defects.

## 23.0 NO THIRD PARTY BENEFICIARIES

No provision of this Subcontract or incorporated SOW(s), including all documents incorporated herein by reference, is intended to or shall be construed to grant or confer any right to enforce this Subcontract, or any remedy for breach of this Subcontract, to or upon any person or entity other than the parties hereto, including but not limited to, any lender, customer, prospect, supplier, employee, contractor, salesman, agent or other representative of either party hereto.

## 24.0 ASSIGNMENTS AND SUBCONTRACTS

Either party may not assign this Subcontract and/or incorporated SOW(s), either directly or by operation of law, without the prior written consent of the other party. Further, NLDC agrees to obtain TransCore's approval before subcontracting any effort covered by a SOW or any substantial portion thereof; provided, however, that this limitation shall not apply to the purchase of standard commercial supplies or raw materials. Any assignment in violation of this section shall be void and of no effect.

## 25.0 INDEMNIFICATION

(a) Each party shall indemnify and hold harmless the other party, their officers, directors, employees, agents, affiliates, successors and assigns, from and against any and all liabilities, costs or expenses, including reasonable attorneys' fees and expenses, arising out of or relating to the performance, or failure to perform, of any of either party's obligations under this Subcontract and/or any incorporated SOW(s), including without limitation any and all liability for injury to persons or property occasioned wholly or in part by an act or omission of each party, their lower-tier subcontractors, agents, or employees; provided, however, that each party shall not be liable for injury to persons or



EXHIBIT A

property caused by the sole negligence of the other party, its agents and employees. Each party's indemnity hereunder shall include, but is not limited to, liability for injury or death of persons (including employees of the other party), loss of or damage to property (including loss of use thereof), and economic loss, including lost profit or opportunity, pollution, and environmental impairment, and natural resource damages.

(b) Each party shall promptly notify the other party of any claim or suit against each party that is covered by this indemnification provision and shall authorize representatives of the other party to settle or defend any such claim or suit and to represent the other party in, or to take charge of, any litigation in connection therewith; provided that no settlement or other action in connection with any such claim or suit or the defense thereof shall bind or commit the other party in any manner or contain any admission of liability on behalf of the other party or otherwise adversely impact the other party in any respect without the other party's prior written consent in each instance.

(c) NLDC shall indemnify and save TransCore harmless from and against any and all liability for any tax, including but not limited to sales, use, or value-added tax, arising out of or relating to NLDC's business and operations, including without limitation NLDC's delivery of goods or services to TransCore, and NLDC's performance of this Subcontract or any related contracts or subcontracts of NLDC. TransCore shall promptly notify NLDC of any claim against TransCore for such taxes. NLDC agrees to promptly take over and defend, at its own expense, any actions to collect such taxes, and shall pay any claims, demands, judgments and awards, including penalties and interest related thereto, and all attorneys fees and other costs and expenses incurred in connection with such claim or defense. No settlement or other action in connection with any such claim or defense shall bind or commit TransCore in any manner or contain any admission of liability on behalf of TransCore or otherwise adversely impact TransCore in any respect without TransCore's prior written consent in each instance. The provisions of this paragraph shall continue in effect upon completion or termination of this subcontract.

## 26.0 INFRINGEMENT INDEMNITY

In lieu of any warranty by TransCore or NLDC against infringement, statutory or otherwise, it is agreed that NLDC shall defend, at its expense, any suit against TransCore or its customers based on a claim that any Technology as produced by NLDC at the time of delivery to TransCore and/or to its customer furnished under this Subcontract and incorporated SOW's only or the normal use or sale thereof infringes any copyright, patent or other intellectual property rights under the laws of the United States, and shall pay all costs and damages finally awarded in any such suit, provided that NLDC is notified in writing of the suit and given authority, information, and assistance at NLDC's expense for the defense of same. If the use or sale of said item is enjoined as a result of such suit, NLDC, at no expense to TransCore or its customers, shall obtain for TransCore and its customers the right to use and sell said item without additional restrictions or limitations or shall substitute an equivalent item acceptable to TransCore and extend this patent indemnity thereto. The provisions of this section shall not apply should either TransCore and/or any of its customer(s) make subsequent modifications to the Technology without the participation and approval of NLDC.



EXHIBIT A

## 27.0 NON-WAIVER OF RIGHTS

TransCore's failure to insist upon strict performance of any of the terms and conditions in the Subcontract and/or incorporated SOW(s), or failure or delay in exercising any rights or remedies hereunder, shall not be construed as a waiver of its rights to assert any of the same or to rely on any such terms or conditions at any time thereafter, nor shall any single or partial exercise of any right, power or privilege preclude any other or further exercise thereof. The invalidity, illegality or unenforceability, in whole or in part, of any term or condition of this Subcontract shall not affect the validity, legality or enforceability of any other part hereof; and the remaining parts of this Subcontract shall be enforced as if such invalid, illegal or unenforceable part were not contained herein.

## 28.0 TERMINATION FOR DEFAULT

(a) This Subcontract and any incorporated SOW(s) shall immediately terminate, without notice or further action, in the event NLDC makes a general assignment for the benefit of creditors, suffers or permits the appointment of a trustee or receiver for its business or assets, becomes insolvent or the subject of proceedings under any law relating to bankruptcy, insolvency or the relief of debtors, admits in writing its inability to pay its debts as they become due, or in the event NLDC winds up its affairs or is liquidated, voluntarily or otherwise.

(b) If this Subcontract and any incorporated SOW(s) is so terminated, NLDC shall immediately deliver to TransCore all TransCore Protected Property, and shall transfer title and deliver to TransCore, upon its request, any complete articles or partially completed articles produced under this Subcontract and any materials, parts, tools, dies, patterns, jigs, fixtures, plans, drawings, information and contract rights produced or acquired by NLDC for the performance of this Subcontract. TransCore will pay NLDC the contract price for complete articles delivered to and accepted by TransCore and the fair value of any other property of NLDC so requested and delivered. TransCore shall not be required to make any payment with respect to any TransCore confidential property that is held by or on behalf of NLDC at the time of termination.

## 29.0 GENERAL RELATIONSHIP

Excluding the joint and several ownership of the Technology as outlined in Subcontract section 15.0, NLDC is not and shall not be deemed an employee, agent, representative, partner or joint venturer of TransCore for any purpose whatsoever. NLDC agrees that in all matters relating to this Subcontract and incorporated SOW(s) it shall be acting as an independent contractor and shall assume and pay all liabilities and perform all obligations imposed with respect to the performance of this Subcontract. NLDC shall have no right, power or authority to create any obligation, express or implied, on behalf of TransCore or to represent TransCore as an agent, and NLDC shall not hold itself out as an employee, agent, principal, partner or joint venturer or as having any power or authority to bind or commit TransCore in any respect or for any purpose whatsoever.



EXHIBIT A

## 30.0 APPLICABLE LAW

This Subcontract and incorporated SOW(s) are made under, and shall be interpreted, construed, and enforced in accordance with, the internal laws and judicial decisions of the State of Delaware without giving effect to any choice of law or conflict of law provision that would cause the application of the laws of any other jurisdiction.

## 31.0 COMPLIANCE WITH LAWS

In performing its obligations under this Subcontract, NLDC agrees to comply with the applicable provisions and requirements of all federal, state and local laws, ordinances, codes, permits, orders, rules and regulations and with all insurance requirements applicable to its activities hereunder.

## 32.0 AFFIRMATIVE ACTION NOTICE

NLDC is hereby notified that it may be subject to the provisions of 41CFR Section 60-1.4, 41CFR Section 60-250.4 and Section 60-741.4 with respect to affirmative action program and plan requirements.

## 33.0 EXCLUSIVITY AND STRATEGIC PARTNERING

(a) Except for the "Excluded Customers" defined below, NLDC and its affiliates, including Ashok Sinha, shall not provide directly or indirectly any Technology or services to another party in competition with TransCore for the duration of this Subcontract.

(b) For the purposes of this Subcontract, Excluded Customers and projects are listed in the table below to the extent utilizing NLDC provided technology and services for their existing operations at their respective locations and states.

| Entity Legal Name | Project Designator | Home State |
|---|---|---|
| Public Highway Authority | E470 | Colorado |
| Orange County Transportation Authority | SR91 | California |

In addition, the following will be considered as Excluded Customers and projects to the extent of such customers and projects are utilizing NLDC provided technology and services: (i) additional technology and services for the above listed NLDC customers in their home state and under the entity's legal name (ii) should the Public Highway Authority extend project E470 to include I25 operated by Colorado Transit Enterprise within the state of Colorado (iii) and should the Orange County Transportation Authority acquire the Transportation Corridor Agencies under its authority and operation for the purpose of using the same NLDC technologies and services for the following toll roads: SR73, SR133, SR241, and SR261 in California. Both parties agree that all other customers and/or projects of NLDC not meeting the criteria of this section 33. (a) will not be considered as Excluded Customers and projects.



EXHIBIT A

(c) NLDC is released from the non-competition section set forth in the above 39(a) in the event: (1) TransCore does not pay NLDC at least $1,250,000 under one or more SOW's or other agreements during any calendar year following calendar year 2006, or (2) in the event TransCore elects NOT to bid on a project then NLDC can bid directly or as a sub on and compete for that project and if awarded work as a result, the applicable end user toll authority will become an Excluded Customer and Project, provided however NLDC shall not provide ownership or license rights in the Technology developed thereunder beyond a right to use for that specific toll road location. In order for the above subsection 33(c)(2) to apply, NLDC will have notified TransCore in writing of its interest in bidding for an account and TransCore will provide commercially reasonable good faith notification, on a non-disclosure basis of confidentiality, within thirty (30) days of receipt of such written notice as to whether it will bid or not.

(d) The parties' respective Business Representatives shall meet no less than semiannually in order to review opportunities and plan for anticipated potential work contemplated under this Subcontract. These meetings are intended to identify and ensure good faith efforts to coordinate strategic priorities for upcoming projects potentially covered by this Subcontract.

(e) Nothing herein shall prevent TransCore from directly or indirectly contracting for technology that competes with NLDC or with the Technology during the term of this Subcontract. Further, NLDC shall have the right to acquire or develop other technologies that may compete with the Technology developed for TransCore under this Subcontract and/or and incorporated SOW(s), provided that NLDC does not use such other technologies in a manner contrary to the terms of the exclusive relationship as defined in this Subcontract.

## 34.0 ENTIRE AGREEMENT

(a) The parties hereby agree that this Subcontract, including all documents incorporated herein by reference, shall constitute the entire agreement and understanding between the parties hereto and shall supersede and replace any and all prior or contemporaneous representations, agreements or understandings of any kind, whether written or oral, relating to the subject matter hereof.

(b) This Subcontract may be executed on separate Subcontract copies by each Party, of which will be considered an original and when taken together will constitute one and the same Subcontract.

SIGNATURES ON THE FOLLOWING PAGE 17



EXHIBIT A

In witness whereof, the duly authorized representatives of TransCore and the NLDC have executed this Subcontract on the Dates shown.

| NLDC: | TRANSCORE: |
|---|---|
| Northern Lakes Data Corp. | TransCore, LP |
| By: Ashok Sinha 9/12/06 | By: J G Wieland 9/15/06 |
| (Signature) (Date) | (Signature) (Date) |
| Name: ASHOK SINHA | JOHN G. WIELAND |
| (Type or Print) | |
| Title: PRESIDENT / CEO | Title: SR. SUBCONTRACTS MGR. |
| | AS AUTHORIZED BY DAVID SPARKS ON. 9/14/06. |



EXHIBIT A

**UNITED STATES**
**DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 149977 - MS**

**April 18, 2008**
**16:27:37**

**Civ Fil Prisoner**
USAO #.: 08CV717-LAB
Judge..: LARRY A BURNS
Amount.: $350.00 CK
Check#.: BC38314

**Total-> $350.00**

FROM: TRANSCORE, LP VS
NORTHERN LAKES DATA CORP.

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

ORIGINAL

FILED 08 APR 18 PM 4:18

'08 CV 717 LAB RBB

DEPUTY

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| TransCore, LP | Northern Lakes Data Corp. |
| (b) County of Residence of First Listed Plaintiff Dauphin, Pennsylvania (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| (c) Attorney's (Firm Name, Address, and Telephone Number)<br>Malcolm D. Schick<br>Gary & Prouty<br>3170 Fourth Avenue, Third Floor<br>San Diego, CA 92103<br>(619) 718-9790 | Attorneys (If Known)<br>Jon S. Swierzewski<br>Larkin Hoffman<br>1500 Wells Fargo Plaza<br>7900 Xerxes Avenue South<br>Minneapolis, MN 55431<br>(952) 835-3800<br><br>Patricia P. Hollenbeck (SBN 121765)<br>Duane Morris LLP<br>101 West Broadway, Suite 900<br>San Diego, CA 92101-8285<br>(619) 744-2200 |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury—Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities – Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus – Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity):** 28 U.S.C. § 1332

Brief description of cause: Alleged breach of subcontract

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** NOT STATED

CHECK YES only if demanded in complaint: **JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE ______ DOCKET NUMBER ______

DATE 4/18/08 SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # 149977 AMOUNT $350 APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

MS 4/18

American LegalNet, Inc. www.FormsWorkflow.com