Malcolm D. Schick, Esq. - State Bar No. 118978
Kelly Cox, Esq. - State Bar No. 180490
GRAY & PROUTY, A Professional Corporation
3170 Fourth Avenue, Third Floor
San Diego, California 92103-5850
Tel: (619) 718-9790; Fax: (619) 718-9797

Attorneys for Plaintiff,
TRANSCORE, LP, dba TRANSCORE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRANSCORE, LP,<br><br>Plaintiff,<br><br>v.<br><br>NORTHERN LAKES DATA CORP., and DOES 1-10.<br><br>Defendants. | Case No. 08 CV 717 LAB RBB<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY OR DISMISS**<br><br>**DATE: June 23, 2008**<br>**TIME: 11:15 A.M.**<br><br>**JUDGE: Honorable Larry Alan Burns**<br>**CRTRM.: 9** |

Plaintiff TRANSCORE, LP ("TRANSCORE") respectfully submits its Response to Defendant NORTHERN LAKES DATA CORP.'s ("NORTHERN LAKES") Motion to Compel Arbitration and Stay or Dismiss.

**I.**

**INTRODUCTION**

This case arises out of a written Master Subcontract Agreement (Subcontract No. ZH810212) ("Master Agreement") between TRANSCORE and NORTHERN LAKES with an effective date of September 16, 2006, (Notice of Lodgment ("NOL"), Exhibit 1). The Master Agreement provides, in part, that work under the Master Agreement shall be defined by the execution by the parties of one or more Statements

of Work ("SOW"). Upon execution of such SOW, the work described in the SOW is covered by the terms and conditions of the Master Agreement (NOL, Exhibit 1, Introduction).

Through the summer of 2007, TRANSCORE and NORTHERN LAKES engaged in substantial negotiations under which NORTHERN LAKES agreed to provide software and services to TRANSCORE in connection with Standard Contract No. 5000680 dated October 12, 2007, between TRANSCORE and the San Diego Association of Governments ("SANDAG"). Such negotiations resulted in a defined scope of work and NORTHERN LAKES made commitments to TRANSCORE to perform the scope of work. Such scope of work and commitments were to be reduced to a SOW to be executed by TRANSCORE and NORTHERN LAKES and performed in accordance with the terms of the Master Agreement. In preparing and submitting the bid to SANDAG on which it was ultimately awarded the SANDAG contract, TRANSCORE relied on NORTHERN LAKES' promises and assurances that it would perform the services as negotiated and committed to by NORTHERN LAKES under the Master Agreement.

After TRANSCORE entered into the SANDAG contract, however, NORTHERN LAKES repudiated its obligations under the Master Agreement by, among other things, withholding execution of the SOW; by refusing to perform under the Master Agreement and SOW; and by seeking to renegotiate material terms of the Master Agreement. The repudiation of the Master Agreement and refusal to execute a SOW, has caused substantial harm to TRANSCORE and has jeopardized its performance under the SANDAG contract.

NORTHERN LAKES repudiation of its obligation to perform has led to the instant litigation. On March 19, 2008, TRANSCORE filed a civil action in San Diego Superior Court (Civil Case No. 37-2008-

00080270-CU-BC-CTL) pleading a cause of action for Breach of Written Contract (Promissory Estoppel) and seeking a judicial Declaration that the SANDAG commitment and obligation at issue is covered by the Master Agreement, and that all controversies related to the SOW and NORTHERN LAKES' commitment and obligations should be resolved under the provisions of the Master Agreement (State Action).

NORTHERN LAKES removed the State Action and filed the instant Motion to Compel Arbitration. TRANSCORE does not object to this matter being Ordered to Arbitration pursuant to the Master Agreement. The purpose of this response is not to oppose Arbitration, but rather to inform the Court of the necessity of fashioning an Arbitration Order which eliminates any question of the Arbitrator's jurisdiction of issues under the Master Agreement and particularly the SANDAG issues as outlined above (SANDAG controversy).

## II.

## RESPONSE

### A. Prior to Moving to Compel Arbitration under the Master Agreement, Northern Lakes Took the Position That the SANDAG Controversy Was Never Made Part of the Master Agreement

The basis of NORTHERN LAKES' instant Motion to Compel Arbitration is that "[a]ll of TransCore's claims are covered by a valid agreement to arbitrate" (Defendant's Points and Authorities, 3:10). The agreement to arbitrate cited by NORTHERN LAKES is the Arbitration provision in the Master Agreement (Defendant's Points and Authorities, 2:22-3:2).

NORTHERN LAKES' argument that TRANSCORE's claims related to the SANDAG controversy implicate the Master Agreement is an abrupt

about face. On February 27, 2008, prior to TRANSCORE filing its State Action, counsel for NORTHERN LAKES wrote, in no uncertain terms, that the SANDAG controversy was never made part of the Master Agreement, leaving NORTHERN LAKES "under no obligation to do anything . . ." (NOL, Exhibit 2). As a result, at the time of filing the State Action, TRANSCORE was under the justified impression that NORTHERN LAKES was taking the position that the SANDAG controversy was not covered by the Agreement and, therefore, filed a civil action seeking a Declaration of rights to clarify the issue.

Now, in every sense of the phrase, NORTHERN LAKES is attempting to "have its cake and eat it too." On the one hand, in letters outside of Court, NORTHERN LAKES argues that the SANDAG controversy is not covered by the Master Agreement. If so, NORTHERN LAKES' attempt to avail itself of the Arbitration provision in the Master Agreement is without justification. On the other hand, in papers filed with the Court, NORTHERN LAKES seeks to avail itself of the Master Agreement's Arbitration provision, never stipulating or conceding that the SANDAG controversy is, in fact, governed by the Master Agreement. In fact, all of NORTHERN LAKES' arguments concern what TRANSCORE alleges in its Complaint, never taking its own position in the matter.

**B. Transcore Requests That the Court Find That the Master Agreement Covers the Sandag Controversy**

Given the contrary positions taken by NORTHERN LAKES as to whether the SANDAG controversy is, or is not, covered by the Master Agreement, TRANSCORE respectfully requests that the Court find that the Master Agreement covers the SANDAG controversy. Such a finding

is warranted by the Federal Arbitration Act, wherein a Court must determine (1) whether there is a valid agreement to arbitrate, and (2) whether the agreement encompasses the dispute at issue (9 U.S.C. § 4).

TRANSCORE respectfully submits that in making such a finding, and including it in the Court's Order, NORTHERN LAKES will be foreclosed from doing another about face claiming the Master Agreement does not apply to NORTHERN LAKES' commitment to TRANSCORE regarding the SANDAG controversy.

## III.

## CONCLUSION

For the reasons stated herein, TRANSCORE respectfully requests that should the Court Order the parties to Arbitration, it include in its Order the finding that the Master Agreement covers NORTHERN LAKES' commitment to TRANSCORE regarding the SANDAG controversy.

DATED: June 6, 2008 **GRAY & PROUTY**

By: [signature]
Malcolm D. Schick, Esq.
Kelly Cox, Esq.
Attorneys for Plaintiff,
TRANSCORE, LP, dba TRANSCORE