# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRANSCORE, LP, dba TRANSCORE, a Delaware limited partnership,<br><br>　　　　　　　　　　　　Plaintiff,<br>　　vs.<br><br>NORTHERN LAKES DATA CORP., a Minnesota corporation; and DOES 1 through 10, inclusive,<br>　　　　　　　　　　　　Defendants. | CASE NO. 08CV0717-LAB (RBB)<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Dkt No. 4] |

　　This matter is before the court on defendant Northern Lakes Data Corporation's ("NLDC") Motion to Compel Arbitration And Stay Or Dismiss ("Motion") in this diversity breach of contract action NLDC removed from San Diego County Superior Court. NLDC contends the claims in plaintiff TransCore, LP's ("TransCore") Complaint are subject to mandatory arbitration. TransCore filed a Response to the Motion. NLDC filed no Reply. Pursuant to Civil Local Rule 7.1(d)(1), the court finds the issues presented appropriate for decision on the papers and without oral argument.

　　When a party moves to compel arbitration, the court makes two inquiries. First, it determines whether there is a valid agreement to arbitrate. If so, it then determines whether the agreement encompasses the dispute at issue. 9 U.S.C. § 4;[1] <u>Simula, Inc. v. Autoliv</u>, 175 F.3d 716, 719-20 (9th Cir. 1999); *see also* <u>Republic of Nicaragua v. Standard Fruit Co.</u>. 937

---

[1] "A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.. . . " 9 U.S.C. ¶ 4.

1  F.2d 469, 477-78 (9th Cir. 1991). The court must enforce the arbitration agreement
2  according to its terms if both those criteria are met. See Simula, 175 F.3d at 720.
3     NLCD's FED. R. CIV. P. ("Rule") 12(b) Motion is based on the terms of the parties'
4  written agreement and the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, 3, pursuant to
5  which NLDC asserts this court lacks subject matter jurisdiction and TransCore thus fails to
6  state a claim upon which relief can be granted. NLDC asks the court to stay all further
7  proceedings pending the outcome of the arbitration or, alternatively, to dismiss this action
8  with prejudice because all TransCore's claims must be decided through binding arbitration.
9  NLDC's counsel provides a Declaration along with its Motion representing, in pertinent part:

> In accordance with the arbitration provisions set forth in Paragraph 9 of the Master Subcontract Agreement, No. ZH810212, entered into in September 2006 between TransCore, LP and Northern Lakes Data Corp. . . ., NLDC has commenced an arbitration proceeding in the Commonwealth of Pennsylvania regarding the disputes between it and TransCore.[2]

Swierzewski Decl. ¶ 2, Exh. A (JAMS Demand For Arbitration). Counsel declares he sent and served the Demand on April 25, 2008, the same date he filed this Motion.

In deciding motions to dismiss under Rule 12(b), the court may consider not only the face of the pleading but also any documents attached to or necessarily relied on for the claims asserted. Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006), *citing* Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1141 n. 5 (9th Cir. 2006). "A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." Id. (citations omitted). All those criteria are satisfied here. The Complaint alleges NLDC and TransCore entered a Master Subcontract Agreement effective September 16, 2006, attached as an Exhibit to the Complaint ("Agreement"), and NLD relies on the same Agreement in support of its Motion.

---

[2] The parties' Agreement paragraph 9 recites their mutual commitment to submit any controversy, claim, or dispute that might arise associated with their Agreement, should good faith negotiations fail, to "final and binding" arbitration "in accordance with the JAMS Comprehensive Arbitration Rules and Procedures or JAMS Streamlined Arbitration Rules and Procedures then in effect," with the arbitration expressly designated to take place in the Commonwealth of Pennsylvania.

1  "The court may treat such a document as 'part of the complaint, and thus may assume that
2  its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).' " Id., *quoting*
3  United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

4     The terms of the Agreement were intended to control separately executed Scope of
5  Work ("'SOW") agreements between the parties describing particular work to be performed.
6  In its First Cause of Action For Breach of Contract/Promissory Estoppel, TransCore alleges
7  the parties negotiated a SOW whereby NLDC agreed to provide software and services to
8  TransCore in support of TransCore's October 12, 2007 Standard Contract for work it was to
9  perform for the San Diego Association of Governments ("SANDAG").  TransCore alleges
10 NLDC repudiated its SOW obligations, refused to perform, and demanded to renegotiate
11 material SOW terms.  TransCore seeks through this litigation to compel NLDC to perform
12 its SOW obligations, contending NLDC is uniquely positioned to provide the software and
13 services TransCore needs to perform its work for SANDAG, so that legal remedies are
14 inadequate.  Compl. ¶ 11.  TransCore's Second Cause of Action seeks declaratory relief to
15 enforce the parties' Agreement ¶ 9 arbitration commitment.  The Complaint alleges NLDC
16 took the position the SOW is not subject to the Agreement, whereas TransCore insists their
17 dispute must be resolved under the Agreement terms, including the arbitration provision, and
18 seeks a judicial declaration of the parties' rights and obligations to that effect.

19     Any dispute that may have existed over whether the obligation to arbitrate governs
20 the issues presented in the Complaint appears to have been resolved.  The Complaint
21 asserts the parties must arbitrate the SOW dispute.  NLDC's Motion asks the court to order
22 TransCore "to honor its written agreement to arbitrate," and either to suspend any further
23 proceedings in this action until that arbitration is complete, or to dismiss this action because
24 all the claims asserted in TransCore's Complaint are covered by a "valid agreement to
25 arbitrate."  Mot. P&A 2:2-4, 3:10.  TransCore's Second Cause of Action for a declaration
26 NLDC must arbitrate the SOW dispute is thus mooted by NLDC's Motion to compel the
27 arbitration and by its submission to JAMS.
28 \\

1    In its Response to the Motion, TransCore unsurprisingly states: "TRANSCORE does not object to this matter being Ordered to Arbitration pursuant to the Master Agreement." Resp. 3:9-11.  However, it asks the court to "fashion[] an Arbitration Order which eliminates any question of the Arbitrator's jurisdiction of issues under the Master Agreement and particularly the SANDAG issues. . . ." Resp. 3:11-16.  The court finds it may not render any opinion on the merits or the scope of the subject matter giving rise to TransCore's Complaint without impermissibly intervening in matters both sides now concede they are contractually required to address through arbitration.  No issue remains for the court to decide that would not impinge on the JAMS arbitration proceeding NLDC has already initiated without the need for any Order of this court.

For all the foregoing reasons, **IT IS HEREBY ORDERED** defendant's Motion To Dismiss is **GRANTED**, its alternative Motion To Stay and its Motion To Compel Arbitration are **DENIED AS MOOT**, terminating this action in its entirety, and the hearing presently scheduled for June 23, 2008 is accordingly *off-calendar*.

**IT IS SO ORDERED**.

DATED: June 18, 2008

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge